## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSUMERS PROTECTING CONSUMERS, LLC | : | |
| | : | |
| Relator | : | C.A. No. |
| | : | |
| v. | : | |
| | : | Jury Trial Demanded |
| | : | |
| SAMSUNG ELECTRONICS CO., LTD., | : | |
| SAMSUNG ELECTRONICS AMERICA, INC., | : | |
| TIANJIN SAMSUNG ELECTRONICS CO., LTD | : | |
| LG ELECTRONICS, INC. | : | |
| LG ELECTRONICS INDONESIA | : | |
| LG ELECTRONICS U.S.A. INC.; and | : | |
| VIZIO, INC. | : | |
| | : | |
| Defendants. | : | |

### COMPLAINT FOR FALSE PATENT MARKING

Relator Consumers Protecting Consumers, LLC,  ("CPC") files this complaint against

Defendants Samsung Electronics Co., LTD, Samsung Electronics America, Inc., and Tianjin

Samsung Electronics Co., LTD (collectively "Samsung"), LG Electronics, Inc., LG Indonesia,

and LG Electronics U.S.A. Inc., ("LG"), and Vizio Inc. ("Vizio"), and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for false patent marking under 35 U.S.C. § 292.

2.      As set forth in detail below, Samsung, LG, and Vizio have repeatedly

violated 35 U.S.C. § 292(a) by falsely marking numerous products with expired patents or

patents that do not cover the marked products, with the intent to deceive the public about the

patent coverage for their products.

3.      CPC seeks an award of monetary damages from the Defendants, one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, 1338(a), and 1355(a).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendants' products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendants are subject to personal jurisdiction in this District, as set forth herein.

## BACKGROUND

5.      Samsung, LG, and Vizio have violated 35 U.S.C. § 292(a) (the "False Marking Statute") by marking unpatented articles with the intent to deceive the public.

6.      More specifically, Samsung, LG and Vizio, with the intent to deceive the public, marked products with patents that are and were expired and, therefore, do not and could not cover the marked products.

7.      The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1356 (Fed. Cir. 2005).

8.      Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain. *Wine Ry. Appliance Co. v. Enterprise Ry. Equipment Co.*, 297 U.S. 387, 397 (1936).

9.      Acts of false marking deter innovation and stifle competition in the marketplace. *Forest Group, Inc. v. BonTool Co.,* 590 F.3d 1295, 1302 (Fed. Cir. 2009).  If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. *Id.* at 1303.  False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. *Id.* False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete. *Id.*

10.      There is an "important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain." *Lear Inc. v. Adkins,* 395 U.S. 653, 670 (1969).  That interest is clearly injured by false marking because it misleads the public into believing that a patentee controls the article in question (as well as like articles), and, therefore, places the burden of determining whether the article is covered by the patent on the *public* rather than the *manufacturer or seller* of the article, thereby increasing the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. *Clontech Laboratories, Inc. v. Invitrogen Corp*., 406 F.3d 1347, 1356-57 (Fed. Cir. 2005) (emphasis added).

11.      Thus, in each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. *Clontech*, 406 F.3d at 1356 n.6.  Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality

of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay. *Id.*

12.     False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

13.     The False Marking Statute explicitly permits *qui tam* actions. *Forest Group*, 590 F.3d at 1303. Indeed, Congress's interest in preventing false marking was so great that it enacted a statute which sought to encourage parties to enforce the statute. *Id.* By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking. *Id.* at 1303-4.

14.     Under 35 U.S.C. § 292, intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so. *Clontech*, 406 F.3d at 1352. Intent to deceive, while subjective in nature, is established in law by objective criteria. *Id.*

15.     The mere assertion by a party that it did not intend to deceive will not suffice to escape statutory liability. *Clontech*, 406 F.3d at 1352. Such an assertion, standing alone, is worthless as proof of no intent to deceive where there is knowledge of falsehood. *Id.*

## THE PARTIES

16.     Consumers Protecting Consumers, LLC is a Texas corporation with a place of business at 211 E. 7th Street, Suite 620, Austin, TX 78701.

17.     Consumers Protecting Consumers' mission it encouraging the fair use of the patent system and deterring abuse of the patent system, which harms the public welfare and stifles competition.

18.    Samsung, LG and Vizio's false marking are examples of such harmful conduct.  CPC represents the interests of the public against misuses of patents and the patent system by commercial entities, such as Samsung, LG, and Vizio.

### *Samsung*

19.    Samsung Electronics Co, Ltd is a foreign defendant existing under the laws of Korea with a principal place of business at Samsung Electronics Bldg., 1320-10, Seocho 2-dong, Seocho-gu, Seoul 137-857, Korea.

20.    On information and belief, Samsung Electronics Co, Ltd has, or regularly retains, sophisticated legal counsel in the United States, and their legal counsel includes both in-house and outside lawyers.

21.    On information and belief, Samsung Electronics Co, Ltd has a large in-house legal department with numerous patent lawyers.

22.    Samsung Electronics Co, Ltd. owns numerous United States patents and patent applications.

23.    On information and belief, Samsung Electronics Co, Ltd. regularly engages United States Patent attorneys in connection with the prosecution and maintenance of its U.S. Patents.

24.    On information and belief, Samsung Electronics Co, Ltd. intellectual property is of material importance to it.

25.    On information and belief, Samsung Electronics Co, Ltd. knows that patents expire and that an expired patent cannot protect any product from competition.

26.     On information and belief, Samsung Electronics Co, Ltd. is aware of the False Marking Statute and knows that intentionally marking products with an expired patent or a patent that does not cover the product is a violation of that statute.

27.     Tianjin Samsung Electronics Co., Ltd. is a foreign defendant existing under the laws of the People's Republic of China, with a principal place of business at 12 Fourth Avenue, Teda, Tianjin, China.

28.     On information and belief, Tianjin Samsung Electronics Co., Ltd. has, regularly retains, or consults with sophisticated legal counsel in the United States in connection with shipments of products to the United States and other matters.

29.     On information and belief, Tianjin Samsung Electronics Co., Ltd. knows that patents expire and that an expired patent cannot protect any product from competition.

30.     On information and belief, Tianjin Samsung Electronics Co., Ltd. is aware of the False Marking Statute and knows that intentionally marking products with an expired patent or a patent that does not cover the product is a violation of that statute.

31.     Samsung Electronics America, Inc., is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, NJ  07660.

32.     Samsung Electronics America, Inc. has, or regularly retains, sophisticated legal counsel in connection with products it markets, sells and/or distributes in the United States.

33.     Samsung Electronics America, Inc. owns United States patents and patent applications.

34.     Samsung Electronics America, Inc. has or regularly retains United States Patent attorneys in connection with the prosecution and maintenance of its U.S. Patents.

35.     On information and belief, Samsung Electronics America, Inc. knows that patents expire and an expired patent cannot protect any product from competition.

36.     On information and belief, Samsung Electronics America, Inc. is aware of the False Marking Statute and knows that intentionally marking products with an expired patent or a patent that does not cover the product is a violation of that statute.

### *LG Electronics*

37.     LG Electronics, Inc. is a corporation formed under the laws of the Republic of Korea with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, KOREA.

38.     LG Electronics, Inc., has, or regularly retains, sophisticated legal counsel in connection with products it markets, sells and/or distributes in the United States.

39.     On information and belief, LG Electronics, Inc. has, or regularly retains, sophisticated legal counsel in connection with the prosecution, maintenance, and enforcement of U.S. Patents.

40.     On information and belief, LG Electronics, Inc. knows that patents expire and an expired patent cannot protect any product from competition.

41.     On information and belief, LG Electronics Inc. is aware of the False Marking Statute and knows that intentionally marking products with an expired patent or a patent that does not cover the product is a violation of that statute.

42.     LG Electronics Indonesia is a corporation formed under the laws of the Republic of Indonesia with its principal place of business at One Pacific Place Building-level 11-SCBD, Jl. Jend. Sudirman Kav 52-53 D. K. I. Jakarta.

43.     On information and belief, LG Electronics Indonesia has, or regularly retains, sophisticated legal counsel in connection with products it markets, sells and/or distributes in the United States.

44.     On information and belief, LG Electronics Indonesia knows that patents expire and an expired patent cannot protect any product from competition.

45.     On information and belief, LG Electronics Indonesia is aware of the False Marking Statute and knows that intentionally marking products with an expired patent or a patent that does not cover the product is a violation of that statute.

46.     LG Electronics U.S.A., Inc. is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632.

47.     LG Electronics U.S.A., Inc. has, or regularly retains, sophisticated legal counsel in connection with products it markets, sells and/or distributes in the United States.

48.     On information and belief, LG Electronics U.S.A., Inc. knows that patents expire and an expired patent cannot protect any product from competition.

49.     On information and belief, LG Electronics U.S.A., Inc. is aware of the False Marking Statute and knows that intentionally marking products with an expired patent or a patent that does not cover the product is a violation of that statute.

### Vizio

50.     Vizio Inc. is a California corporation with its principal place of business at 39 Tesla, Irvine, CA 92618, with a registered agent at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

51.     Vizio Inc. has, or regularly retains, sophisticated legal counsel in connection with products it markets, sells and/or distributes in the United States.

8

52.     Vizio Inc. owns United States patents and patent applications.

53.     Vizio Inc. has or regularly retains United States Patent attorneys in connection with the prosecution, maintenance, and enforcement of U.S. Patents.

54.     On information and belief, Vizio Inc. knows that patents expire and an expired patent cannot protect any product from competition.

55.     On information and belief, Vizio Inc. is aware of the False Marking Statute and knows that intentionally marking products with an expired patent or a patent that does not cover the product is a violation of that statute.

## PERSONAL JURISDICTION

### *Samsung*

56.     Samsung regularly conducts business in this judicial district.

57.     Samsung sells and/or has sold (directly through its website, and through numerous retail stores, including, for example the Best Buy stored located at 2300 South Christopher Columbus Blvd, Philadelphia, PA 19148, products that are the subject of this Complaint in this judicial district or has purposefully shipped products to this judicial district through established distribution channels.

58.     Samsung is subject to personal jurisdiction in this judicial district because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Pennsylvania within the Eastern District of Pennsylvania.

59.     Samsung has systematic and continuous contact with this judicial district.

### *LG*

60.     LG regularly conducts business in this judicial district.

61.     LG sells and/or has sold (directly through its website, and through numerous retail stores, including, for example the Best Buy stored located at 2300 South Christopher Columbus Blvd, Philadelphia, PA 19148, products that are the subject of this Complaint in this judicial district or has purposefully shipped products to this judicial district through established distribution channels.

62.     LG is subject to personal jurisdiction in this judicial district because it has sufficient minimum contacts with the forum as a result of business conducted within the State of State of Pennsylvania within the Eastern District of Pennsylvania.

63.     LG has systematic and continuous contact with this judicial district.

### *Vizio*

64.     Vizio regularly conducts business in this judicial district.

65.     Vizio sells and/or has sold (directly through its website, and through numerous retail stores, including for example the Walmart stored located at 1675 S. Chris Columbus Blvd, Philadelphia, PA 19148, products that are the subject of this Complaint in this judicial district or has purposefully shipped products to this judicial district through established distribution channels.

66.     Vizio is subject to personal jurisdiction in this judicial district because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Pennsylvania within the Eastern District of Pennsylvania.

67.     Vizio has systematic and continuous contact with this judicial district.

### **THE FALSELY MARKED PATENTS**

68.     The application that became U.S. Patent Number 4,631,603 ("the '603 Patent") was filed on April 17, 1985 and issued as a patent on December 23, 1986. *Exhibit A*

69.     The `603 Patent expired on April 17, 2005.

70.     The application that became U.S. Patent Number 4,819,098 ("the '098 Patent") was filed on April 14, 1987, claiming priority from U.S. applications filed on November 21, 1986 and November 23, 1983, and issued as a patent on April 4, 1989. *Exhibit B*

71.     The `098 Patent expired on April 4, 2006.

72.     The application that became U.S. Patent Number 4,930,158 ("the '158 Patent") was filed on August 29, 1988 and issued as a patent on May 29, 1990. *Exhibit C*

73.     The `158 Patent expired on August 28. 2008.

74.     The application that became U.S. Patent Number 4,930,160 ("the '160 Patent") was filed on August 29, 1988 and issued as a patent on May 29, 1990. *Exhibit D*

75.     The `160 Patent expired on August 28. 2008.

76.     The application that became U.S. Patent No. 5,060,220 ("the '220 Patent") was filed on July 5, 1989, and issued as a patent on October 22, 1991.  *Exhibit E*

77.     The `220 Patent expired on July 5, 2009.

78.     The application that became U.S. Patent Number 4,577,216 ("the '216 Patent") was filed on November 14, 1983 and issued as a patent on March 18, 1986. *Exhibit F*

79.     The `216 Patent expired on November 14, 2003

80.     The application that became U.S. Patent Number 4,907,093 ("the '093 Patent") was filed on November 1, 1988, claiming priority from a US application filed on August 11, 1986, and issued as a patent on March 6, 1990. *Exhibit G*

81.     The `093 Patent expired on March 6, 2007.

## <u>SAMSUNG'S FALSE MARKING OF ITS PRODUCTS</u>

### *The World's First Blu-Ray Player – Model BD-P1000*

82.     Samsung has falsely marked several of its blu-ray disc players since it introduced the world's first Blu-ray disc player in 2006.

83.     Samsung's first consumer blu-ray product offered for sale in the United States was model number BD-P1000.

84.     Samsung's BD-P1000 was not on sale in the United States before June 1, 2006.

85.     Samsung's suggested retail price for the BD-P1000 at the time it was first shipped to retailers in 2006 was $999.99.

86.     Samsung's model BD-P1000 first went on sale in the United States on June 25, 2006.

87.     As the first blu ray player to ever hit the market, it is likely that consumers and competitors examining Samsung's new blu-ray technology relied heavily on Samsung's claims of patent protection to avoid manufacturing competing devices that may infringe one or more of the patents listed on the BD-P1000.

88.     Samsung manufactured BD-P1000 models in several different months, including July 2006 and August 2006, as evidenced by the following images taken from the back of BD-P1000's, which shows a sticker Samsung places on the BD-P1000 that shows the serial number and manufacturing date of each unit:





89.   From the very first shipment of the very first consumer blu-ray disc player,

Samsung intentionally marked the BD-P1000 with expired United States Patent Nos. 4,631,603

and 4,819,098, deceiving the public and its competition:



90.     The `603 Patent expired on April 17, 2005, prior to any first sale of the BD-P1000.

91.     The `098 Patent expired on April 4, 2006, prior to any first sale of the BD-P1000.

92.     Samsung marked the BD-P1000 with the patent numbers of the `603 Patent and the `098 Patent after they expired.

93.     Samsung sold the BD-P1000 in the United States with the patent numbers of the `603 Patent and the `098 patent after they expired.

94.     Because the `603 and `098 Patents expired before Samsung's first sale of any BD-P1000, Samsung did not have and never could have had a reasonable belief that the `603 and `098 Patents covered the BD-P1000.

95.     Because at the time it falsely marked the BD-P1000 Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-P1000 with United States Patent Nos. 4,631,603 and 4,819,098 knowingly and with the intent to deceive the public.

96. At the time Samsung placed or caused to be placed the sticker on the back of each BD-P1000 showing the serial number and manufacturing date, it would not have been an undue burden on Samsung to place a sticker over the adjacent section on the back of the BD-P1000 to cover and/or correct the false patent marking.

97. Samsung knowingly and intentionally marked the BD-P1000 at various times with expired United States Patent Nos. 4,631,603 and 4,819,098.

### Samsung's Continued False Marking of Consumer Electronic Products

98. Since Samsung's introduction of the world's first blu-ray disc player in 2006, it has been the market leader in the United States blu-ray disc player market.

99. Samsung has introduced several additional blu-ray player models to United States consumers after the BD-P1000.

100. The Samsung products referred to in the preceding paragraph were manufactured in China.

101. Samsung manufactures and sells, offers to sell, has offered for sale and/or has sold in the past five years, in the United States, the following blu ray disc player product models, which it has falsely marked with one or more expired patents: BD-P1200, BD-P1400, BD-P1500, BD-P1590, BD-P1590C, BD-P1600, BD-P2500, BD-P2550, BD-3600, BD-P4600, BD-C5500, BD-C5900, BD-C6500, BD-C6800, and BD-C6900.

102. The Samsung products referred to in the preceding paragraph were manufactured in China.

103. Samsung manufactures and sells, offers to sell, has offered for sale and/or has sold in the past five years, in the United States, the following DVD player product models,

which it has falsely marked with one or more expired patents:  DVD-C350, DVD-C500, DVD-C550.

104.    The Samsung products referred to in the preceding paragraph were manufactured in China.

105.    Samsung manufactures and sells, offers to sell, has offered for sale and/or has sold in the past five years, in the United States, the following DVD/VCR Combo models, which it has falsely marked with one or more expired patents:  DVD-V9800 and DVD-VR375.

106.    The Samsung products referred to in the preceding paragraph were manufactured in China.

107.    The Samsung products identified in this Complaint were marked with patent numbers, outside the United States.


*Samsung's BD-P1200*

108.    On information and belief, Samsung first began selling the BD-P1200 on or about April 5, 2007.

109.    Samsung did not sell the BD-P1200 in the United States before March 6, 2007.

110.    On information and belief, Samsung marked the BD-P1200 and/or the user manuals that accompanied the BD-1200 with the '603 Patent and the '098 Patent.

111.    The `603 Patent expired on April 17, 2005, prior to any first sale of the BD-P1200.

112.    The `098 Patent expired on April 4, 2006, prior to any first sale of the BD-P1200.

113.     Samsung marked the BD-P1200 with the patent numbers of the `603 Patent and the `098 Patent after they expired.

114.     Samsung sold the BD-P1200 in the United States with the patent numbers of the `603 Patent and the `098 patent after they expired.

115.     Because the `603 and `098 Patents expired before Samsung's first sale of any BD-P1200, Samsung did not have and never could have had a reasonable belief that the `603 and `098 Patents covered the BD-P1200.

116.     Because at the time it falsely marked the BD-P1200 Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-P1200 with United States Patent Nos. 4,631,603 and 4,819,098 knowingly and with the intent to deceive the public.

117.     Samsung places or causes to be placed a sticker on each BD-P1200 showing, *inter alia*, the unit's manufacturing date and serial number.

118.     At the time Samsung placed or caused to be placed the sticker on the back of each BD-P1200 showing the manufacturing date, it would not have been an undue burden on Samsung to place or cause to be placed a sticker over the adjacent section on the back of the BD-P1200 to cover and/or correct the false patent marking.

119.     Samsung knowingly and intentionally marked the BD-P1200 at various times with the patent numbers of these patents.

### Samsung BD-P1400

120.     On information and belief, Samsung first began selling the BD-P1400 on or about November 15, 2007.

121.    Samsung did not sell the BD-P1400 in the United States before October 9, 2007.

122.    Samsung marked the BD-1400 and/or the user manuals that accompanied the BD-1400 with the '603 Patent and the '098 Patent.

123.    A true and correct image of a portion of the back of a Samsung BD-P1400 follows, showing a portion of the metal case listing expired United States Patent Nos. 4,631,603 and 4,819,098, and a sticker adjacent to the marking containing a manufacturing date of August 2007:



124.    The `603 Patent expired on April 17, 2005, prior to any first sale of the BD-P1400.

125.    The `098 Patent expired on April 4, 2006, prior to any first sale of the BD-P1400.

126.    Samsung marked the BD-P1400 with the patent numbers of the `603 Patent and the `098 Patent after they expired.

127.    Samsung sold the BD-P1400 in the United States with the patent numbers of the `603 Patent and the `098 patent after they expired.

128.    Because the `603 and `098 Patents expired before Samsung's first sale of any BD-P1400 product in the United States, Samsung did not have and never could have had a reasonable belief that the `603 and `098 Patents covered the BD-P1400.

129.    Because at the time it falsely marked the BD-P1400 Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-P1400 with United States Patent Nos. 4,631,603 and 4,819,098 knowingly and with the intent to deceive the public.

130.    Samsung places or causes to be placed a sticker on each BD-P1400 showing, *inter alia*, the unit's manufacturing date and serial number.

131.    At the time Samsung placed or caused to be placed the sticker on the back of each BD-P1400 showing the manufacturing date, it would not have been an undue burden on Samsung to place or cause to be placed a sticker over the adjacent section on the back of the BD-P1400 to cover and/or correct the false patent marking.

132.    Samsung knowingly and intentionally marked the BD-P1400 at various times with expired United States Patent Nos. 4,631,603 and 4,819,098.

### *Samsung BD-P1500*

133.    On information and belief, Samsung first began selling the BD-P1500 on or after June 1, 2008.

134.    Samsung did not sell the BD-P1500 in the United States before May 13, 2008.

135.    A true and correct image of a portion of the back of a Samsung BD-P1500

follows, showing a sticker containing a manufacturing date of February 2009:



136.    Samsung marked the BD-1500 and/or the user manuals that accompanied

the BD-1500 with the '158 Patent and the '160 Patent.

137.    A true and correct copy of the cover, the copyright notice, and the patent

notice page of Version 1.0 of the BD-P1500 user manual, downloaded from Samsung's website

is attached as *Exhibit H*.  Excerpts from those pages follow showing a copyright notice of 2008

and Samsung's statement that the BD-P1500 is covered by United States Patents 4,930,158 and

4,930,160.

## Copyright

©2008 Samsung Electronics Co.,Ltd.

This product is covered by the following U.S. patents:
US4,930,158 US4,930,160

138.    The `158 Patent expired on August 29, 2008 prior to the manufacture of several BD-P1500's by Samsung.

139.    The `160 Patent expired on August 29, 2008 prior to the manufacture of several BD-P1500's by Samsung.

140.    Samsung included user manuals with its BD-P1500 products sold in the United States, manufactured after August 29, 2008, claiming that the BD-P1500 "is covered by the following U.S. patents: US4,930,158 US4,930,160."

141.    Samsung sold BD-P1500 products in the United States with the patent numbers of the `158 Patent and the `160 patent, after they expired.

142.    Because the `158 and `160 Patents expired before Samsung's sale of BD-P1500's in the United States manufactured after August 29, 2008, Samsung did not have and never could have had a reasonable belief that the `158 and `160 Patents covered the BD-P1500.

143.    Because at the time it falsely marked the BD-P1500 Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-P1500 with United States Patent Nos. 4,930,158 and 4,930,160 knowingly and with the intent to deceive the public.

144.    It would not have been an undue burden on Samsung to edit the user manual it included with BD-P1500 products manufactured after August 29, 2008, to delete its false claim that the BD-P1500 was covered by the `158 and `160 patents.

145.    Samsung knowingly and intentionally printed BD-1500 user manuals marked with expired United States Patent Nos. 4,930,158 and 4,930,160 after August 29, 2008 and included such manuals with products shipped after August 29, 2008.

### Samsung BD-P1590, BD-P1590C, and BD-P1600

146.    On information and belief, Samsung first began selling the BD-P1590, BD-P1590C, and BD-P1600 on or after July 10, 2009.

147.    Samsung did not sell the BD-P1590, BD-P1590C, or the BD-P1600 in the United States before July 10, 2009.

148.    Samsung marked the BD-1590, BD-P1590C, and the BD-P1600 and/or the user manuals that accompanied those products with the '158 Patent, '160 Patent and the `220 Patent.

149.    A true and correct copy of the cover, the copyright notice, and the patent notice page of the BD-P1590, BD-P1590C, and the BD-P1600 user manual (Version 3.0 released on December 27, 2009), downloaded from Samsung's website, is attached as *Exhibit I.*  Excerpts from those pages follow showing a copyright notice of 2009 and Samsung's statement that the BD-P1590, BD-P1590C, and the BD-P1600 products are covered by United States Patents 4,930,158, 4,930,160, and 5,060,220:

## Copyright

©2009 Samsung Electronics Co.,Ltd.

▪ The product unit accompanying this user manual is licensed under certain intellectual p
  third parties. This product is covered by one or more of the following U.S. patents:
  5,060,220 5,457,689 5,561,649 5,705,762 6,043,912 6,438,099 6,467,061 6,556,52
  6,728,474 6,771,891 6,894,963 6,895,593 6,937,815 6,996,327 7,009,926 7,085,22
  7,099,568 7,123,564 7,142,493 7,142,495 7,145,861 7,146,624 7,151,729 7,161,87
  7,173,891 7,177,250 7,194,187 7,203,891 7,209,423 7,210,067 7,228,062 7,245,56
  7,263,045 7,269,110 7,272,086 7,272,106 7,280,460 7,283,729 7,286,464 7,304,93
  This product is covered by the following U.S. patents:
  US4,930,158 US4,930,160

150.   The `158 Patent expired on August 29, 2008 prior to the first sale of any BD-P1590, BD-P1590C, or BD-P1600 product in the United States.

151.   The `160 Patent expired on August 29, 2008 prior to the first sale of any BD-P1590, BD-P1590C, or BD-P1600 product in the United States.

152.   The `220 Patent expired on July 5, 2009 prior to the first sale of any BD-P1590, BD-P1590C, or BD-P1600 product in the United States

153.   Samsung included user manuals with its BD-P1590, BD-P1590C, or BD-P1600 products sold in the United States, claiming that those products were covered by U.S. Patent Nos. 4,930,158, 4,930,160, and 5,060,220.

154.   Samsung sold BD-P1590, BD-P1590C, and BD-P1600 products in the United States marked with the patent numbers of the `158 Patent, `160 Patent, and the `220 Patent, after they expired.

155.   Because the `158, `160, and `220 Patents expired before Samsung's first sale of any BD-P1590, BD-P1590C, or BD-P1600 products in the United States, Samsung did not have and never could have had a reasonable belief that the `158, `160 and `220 Patents covered the BD-P1590, BD-P1590C, or BD-P1600 products.

156.   Because at the time it falsely marked the BD-P1590, BD-P1590C, and BD-P1600 products Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-P1590, BD-P1590C, and BD-P1600 products with United States Patent Nos. 4,930,158, 4,930,160, and 5,060,220 knowingly and with the intent to deceive the public.

157.    Samsung knowingly and intentionally created, then printed, then included with products sold in the United States, the BD-P1590, BD-P1590C, and BD-P1600 user manual marked with expired United States Patent Nos. 4,930,158, 4,930,160, and 5,060,220.

### Samsung BD-P2500 and BD-P2550

158.    On information and belief, Samsung first began selling the BD-P2500 and BD-P2550 on or after October 23, 2008.

159.    Samsung did not sell the BD-P2500 or BD-P2550 in the United States before October 23, 2008.

160.    Samsung marked the BD-P2500 and BD-P2550 products and/or the user manuals that accompanied those products with the '158 Patent and the '160 Patent.

161.    A true and correct copy of the cover and the patent notice page of the BD-P2500 and BD-P2550 user manuals (Version 1.0, both released on October 23, 2008), downloaded from Samsung's website are attached as *Exhibit J*.  Excerpts from those pages follow, showing Samsung's statement that the BD-P2500 and BD-P2550 are covered by United States Patents 4,930,158 and 4,930,160:

This product is covered by the following U.S. patents:
US4,930,158 US4,930,160

162.    The `158 Patent expired on August 29, 2008 prior to the first sale of any BD-P2500 and BD-P2550 product in the United States.

163.    The `160 Patent expired on August 29, 2008 prior to the first sale of any BD-P2500 and BD-P2550 product in the United States.

164.     Samsung included user manuals with its BD-P2500 and BD-P2550 products sold in the United States, claiming that those products were "covered by the following U.S. patents: US4,930,158 US4,930,160."

165.     Samsung sold BD-P2500 and BD-P2550 products in the United States marked with the patent numbers of the `158 Patent and the `160 patent, after they expired.

166.     Because the `158 and `160 Patents expired before Samsung's first sale of any BD-P2500 and BD-P2550 product in the United States, Samsung did not have and never could have had a reasonable belief that the `158 and `160 Patents covered the BD-P2500 and BD-P2550.

167.     Because at the time it falsely marked the BD-P2500 and BD-P2550 products, Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-P2500 and BD-P2550 products with United States Patent Nos. 4,930,158 and 4,930,160 knowingly and with the intent to deceive the public.

168.     Samsung knowingly and intentionally created, then printed, then included with products sold in the United States, the BD-P2500 and BD-P2550 user manuals marked with expired United States Patent Nos. 4,930,158 and 4,930,160.

### Samsung BD-P3600

169.     On information and belief, Samsung first began selling the BD-P3600 on or after March 31, 2009.

170.     Samsung did not sell the BD-P3600 in the United States before March 31, 2009.

171.     Samsung marked the BD-P3600 products and/or the user manuals that accompanied those products with the '158 Patent and the '160 Patent.

172.     A true and correct copy of the cover and the patent notice page of the BD-P3600 user manual (Version 3.0 released on October 11, 2009, downloaded from Samsung's website are attached as *Exhibit K*.  Excerpts from those pages follow, showing Samsung's statement that the BD-P3600 are covered by United States Patents 4,930,158, 4,930,160, and 5,060,220:

> • The product unit accompanying this user manual is licensed under certain intellectual p
> third parties. This product is covered by one or more of the following U.S. patents:
> 5,060,220 5,457,669 5,561,649 5,705,762 6,043,912 6,438,099 6,467,061 6,556,52
> 6,728,474 6,771,891 6,894,963 6,895,593 6,937,815 6,996,327 7,009,926 7,085,22
> 7,099,566 7,123,564 7,142,493 7,142,495 7,145,861 7,146,624 7,151,729 7,161,87
> 7,173,891 7,177,250 7,194,187 7,203,891 7,209,423 7,210,067 7,228,062 7,245,56
> 7,263,045 7,269,110 7,272,086 7,272,106 7,280,460 7,283,729 7,286,454 7,304,93
> This product is covered by the following U.S. patents:
> US4,930,158 US4,930,160

173.     The `158 Patent expired on August 29, 2008 prior to the first sale of any BD-P3600 product in the United States.

174.     The `160 Patent expired on August 29, 2008 prior to the first sale of any BD-P3600 product in the United States.

175.     The `220 Patent expired on July 5, 2009 prior to Samsung's manufacture and sale of several BD-P3600 products in the United States.

176.     A true and correct image of a portion of the back of a Samsung BD-P3600 follows, showing a sticker containing a manufacturing date of September 2009:



177.   Samsung included user manuals with its BD-P3600 products sold in the United States, claiming that those products were covered by U.S. Patent Nos. 4,930,158 4,930,160, and 5,060,220.

178.   Samsung sold BD-P3600 products in the United States marked with the patent numbers of the `158 Patent, `160 patent, and `220 Patent after they expired.

179.   Because the `158 and `160 Patents expired before Samsung's first sale of any BD-P3600 product in the United States, Samsung did not have and never could have had a reasonable belief that the `158 and `160 Patents covered the BD-P3600.

180.   Because the `220 Patent expired before Samsung manufactured several BD-P3600 product in the United States, Samsung did not have and never could have had a reasonable belief that the `220 Patent covered the BD-P3600.

181.   Because at the time it falsely marked BD-P3600 products, Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-P3600 products with United States Patent Nos. 4,930,158, 4,930,160, 5,060,220, knowingly and with the intent to deceive the public.

27

182.    Samsung knowingly and intentionally created, then printed, then included with products sold in the United States, the BD-P3600 user manuals marked with expired United States Patent Nos. 4,930,158, 4,930,160, and 5,060,220.

### *Samsung BD-P4600*

183.    On information and belief, Samsung manufactured BD-P4600 units after July 5, 2009.

184.    On information and belief, Samsung sold BD-P4600 units in the United States after July 5, 2009.

185.    Samsung marked the BD-P4600 and/or the user manuals that accompanied the BD-4600 with the '220 Patent.

186.    A true and correct copy of the cover and the patent notice page of the BD-P4600 user manual (Version 3.0 – release date October 11, 2009), downloaded from Samsung's website is attached as *Exhibit L*.  Excerpts from the patent notice page follows, showing Samsung's statement that the BD-P4600 is covered by United States Patent No. 5,060,220, which is the first United States Patent number one sees when reading the list:

- The product unit accompanying this user manual is licensed under certain intellectual property rights of certain third parties. This product is covered by one or more of the following U.S. patents:
  5,060,220 5,457,669 5,561,649 5,705,762 6,043,912 6,438,099 6,467,061 6,556,521 6,578,163 6,697,307
  6,728,474 6,771,891 6,894,963 6,895,593 6,937,815 6,996,327 7,009,926 7,085,221 7,088,649 7,092,327
  7,099,566 7,123,564 7,142,493 7,142,495 7,145,861 7,146,624 7,151,729 7,161,879 7,164,647 7,167,437
  7,173,891 7,177,250 7,194,187 7,203,891 7,209,423 7,210,067 7,228,062 7,245,566 7,245,567 7,257,065
  7,263,045 7,269,110 7,272,086 7,272,106 7,280,460 7,283,729 7,286,454 7,304,938

187.    The `220 Patent expired on July 5, 2009 prior to the manufacture of several BD-P4600 products by Samsung.

188.    Samsung included user manuals with its BD-P4600 products sold in the United States, manufactured after July 5, 2009, claiming that the BD-P4600 is covered by United States Patent No. 5,060,220.

189.    Samsung sold BD-P4600 products in the United States with the patent number of the `220 Patent marked thereon, after it expired.

190.    Because the `220 Patent expired before Samsung's sale of BD-P4600 products in the United States manufactured after July 5, 2009, Samsung did not have and never could have had a reasonable belief that the `220 Patent covered the BD-P4600.

191.    Because at the time it falsely marked the BD-P4600 products Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-P4600 with United States Patent No. 5,060,220 knowingly and with the intent to deceive the public.

192.    It would not have been an undue burden on Samsung to edit the user manual it included with BD-P4600 products manufactured after July 5, 2009 to delete its false claim that the BD-P4600 was covered by the `220 Patent.

193.    Samsung knowingly and intentionally printed BD-P4600 user manuals marked with expired United States Patent No. 5,060,220 after July 5, 2009 and included such manuals with products shipped after July 5, 2009.

### *Samsung BD-C5500*

194.    On information and belief, Samsung first sold its BD-C5500 model products in the United States on or after January 10, 2010.

195.    Samsung did not sell its BD-C5500 product in the United States before January 10, 2010.

196.   Samsung marked the BD-C5500 and/or the user manuals that

accompanied the BD-C5500 with the '220 Patent.

197.   True and correct images of a portion of the back of two Samsung BD-C5500 products

follows, showing a portion of the metal case listing expired United States Patent Nos. 5,060,220,

and a sticker adjacent to the marking containing a manufacturing dates of January 2010 and

February 2010:





198.   A true and correct copy of the cover and the patent notice page of the BD-

C5500 user manual (Version 1.0 – release date January 10, 2010), downloaded from Samsung's

website is attached as *Exhibit M*.  Excerpts from the patent notice page follows, showing

Samsung's statement that the BD-C5500 is covered by United States Patent No. 5,060,220,

which is the first United States Patent number one sees when reading the list:

- The product unit accompanying this user manual is licensed under certain intellectual property rights of certain third parties. This product is covered by one or more of the following U.S. patents: 5,060,220 5,457,669 5,561,649 5,705,762 6,043,912 6,438,099 6,467,061 6,556,521 6,578,163 6,697,307 6,728,474 6,771,891 6,894,963 6,895,593 6,937,815 6,996,327 7,009,926 7,085,221 7,088,649 7,092,327 7,099,566 7,123,564 7,142,493 7,142,495 7,145,861 7,146,624 7,151,729 7,161,879 7,164,647 7,167,437 7,173,891 7,177,250 7,194,187 7,203,891 7,209,423 7,210,067 7,228,062 7,245,566 7,245,567 7,257,065 7,263,045 7,269,110 7,272,086 7,272,106 7,280,460 7,283,729 7,286,454 7,304,938

199.     The `220 Patent expired on July 5, 2009 prior to any first sale of the BD-C5500 product by Samsung.

200.     Samsung marked its BD-C5500 products with United States Patent No. 5,060,220 after it expired.

201.     Samsung sold its BD-C5500 products in the United States with the patent number of the `220 Patent, after it expired.

202.     Because the `220 Patent expired before Samsung's first sale of any BD-C5500 product in the United States, Samsung did not have and never could have had a reasonable belief that the `220 Patent covered the BD-C5500.

203.     Because at the time it falsely marked the BD-C5500 products Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-C5500 with United States Patent No. 5,060,220 knowingly and with the intent to deceive the public.

204.     Samsung places or causes to be placed a sticker on each BD-C5500 showing, *inter alia*, the unit's manufacturing date and serial number.

205.     Notwithstanding that the false patent marking should not have been printed on the metal casing since all products were manufactured after the `220 patent expired,  at the time Samsung placed or caused to be placed the sticker on the back of each BD-C5500

showing the manufacturing date, it would not have been an undue burden on Samsung to place or

cause to be placed a sticker over the adjacent section on the back of the BD-C5500 to cover

and/or correct the false patent marking.

206.    Samsung knowingly and intentionally created, then printed, then included

with products sold in the United States, the BD-C5500 user manual marked with expired United

States Patent Nos. 5,060,220.

### *Samsung BD-C5900*

207.    On information and belief, Samsung first sold its BD-C5900 model

products in the United States on or after June 6, 2010.

208.    Samsung did not sell its BD-C5900 product in the United States before

June 6, 2010.

209.    Samsung marked the BD-C5900 and/or the user manuals that

accompanied the BD-C5900 with the '220 Patent.

210.    A true and correct image of a portion of the back of a Samsung BD-C5900

follows, showing a portion of the metal case listing expired United States Patent Nos. 5,060,220,

and a sticker adjacent to the marking containing a manufacturing date June 2010:



211.    The `220 Patent expired on July 5, 2009 prior to any first sale of the BD-

C5900 product by Samsung.

212.    Samsung marked its BD-C5900 products with United States Patent No. 5,060,220 after it expired.

213.    Samsung sold its BD-C5900 products in the United States with the patent number of the `220 Patent, after it expired.

214.    Because the `220 Patent expired before Samsung's first sale of any BD-C5900 product in the United States, Samsung did not have and never could have had a reasonable belief that the `220 Patent covered the BD-C5900.

215.    Because at the time it falsely marked the BD-C5900 products Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-C5900 with United States Patent No. 5,060,220 knowingly and with the intent to deceive the public.

216.    Samsung places or causes to be placed a sticker on each BD-C5900 showing, *inter alia*, the unit's manufacturing date and serial number.

217.    Notwithstanding that the false patent marking should not have been printed on the metal casing since all products were manufactured after the `220 patent expired,  at the time Samsung placed or caused to be placed the sticker on the back of each BD-C5900 showing the manufacturing date, it would not have been an undue burden on Samsung to place or cause to be placed a sticker over the adjacent section on the back of the BD-C5900 to cover and/or correct the false patent marking.

### Samsung BD-C6500

218.    On information and belief, Samsung first sold its BD-C6500 model products in the United States on or after January 21, 2010.

33

219.     Samsung did not sell its BD-C6500 product in the United States before
January 21, 2010.

220.     Samsung did not sell its BD-C6500 product in the United States before
July 5, 2009.

221.     Samsung marked the BD-C6500 and/or the user manuals that
accompanied the BD-C6500 with the '220 Patent.

222.     True and correct images of a portion of the back of a Samsung BD-C6500
follow, showing a portion of the metal case listing expired United States Patent No. 5,060,220,
and a sticker adjacent to the marking containing a manufacturing date of February 2010:





223.    The `220 Patent expired on July 5, 2009 prior to any first sale of the BD-C6500 product by Samsung.

224.    Samsung marked its BD-C6500 products with United States Patent No. 5,060,220 after it expired.

225.    Samsung sold its BD-C6500 products in the United States with the patent number of the `220 Patent, after it expired.

226.    Because the `220 Patent expired before Samsung's first sale of any BD-C6500 product in the United States, Samsung did not have and never could have had a reasonable belief that the `220 Patent covered the BD-C6500.

227.    Because at the time it falsely marked the BD-C6500 products Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-C6500 with United States Patent No. 5,060,220 knowingly and with the intent to deceive the public.

228.    Samsung places or causes to be placed a sticker on each BD-C6500 showing, *inter alia*, the unit's manufacturing date and serial number.

229.    Notwithstanding that the false patent marking should not have been printed on the metal casing since all products were manufactured after the `220 patent expired, at the time Samsung placed or caused to be placed the sticker on the back of each BD-C6500 showing the manufacturing date, it would not have been an undue burden on Samsung to place or cause to be placed a sticker over the adjacent section on the back of the BD-C6500 to cover and/or correct the false patent marking.

230.    Samsung included a user manual with each BD-C6500 product sold in the United States, claiming that those products were covered by U.S. Patent Nos. 5,060,220.

231.    Samsung knowingly and intentionally created, then printed, then included with products sold in the United States, the BD-C6500 user manual marked with expired United States Patent Nos. 5,060,220.

### Samsung BD-C6800

232.    On information and belief, Samsung first sold its BD-C6800 model products in the United States on or after May 30, 2010.

233.    Samsung did not sell its BD-C6800 product in the United States before May 30, 2010.

234.    Samsung did not sell its BD-C6800 product in the United States before July 5, 2009.

235.    Samsung marked the BD-C6800 with the '220 Patent.

236.    True and correct images of portions of the back of a Samsung BD-C6800 follow, showing a portion of the metal case listing expired United States Patent Nos. 5,060,220, and a sticker adjacent to the marking containing a manufacturing date June 2010:



237.    The `220 Patent expired on July 5, 2009 prior to any first sale of the BD-C6800 product by Samsung.

238.    Samsung marked its BD-C6800 products with United States Patent No. 5,060,220 after it expired.

239.    Samsung sold its BD-C6800 products in the United States with the patent number of the `220 Patent, after it expired.

240.    Because the `220 Patent expired before Samsung's first sale of any BD-C6800 product in the United States, Samsung did not have and never could have had a reasonable belief that the `220 Patent covered the BD-C6800.

241.    Because at the time it falsely marked the BD-C6800 products Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-C6800 with United States Patent No. 5,060,220 knowingly and with the intent to deceive the public.

242.    Samsung places or causes to be placed a sticker on each BD-C6800 showing, *inter alia*, the unit's manufacturing date and serial number.

243.    Notwithstanding that the false patent marking should not have been printed on the metal casing since all products were manufactured after the `220 patent expired, at

the time Samsung placed or caused to be placed the sticker on the back of each BD-C6800

showing the manufacturing date, it would not have been an undue burden on Samsung to place or

cause to be placed a sticker over the adjacent section on the back of the BD-C6800 to cover

and/or correct the false patent marking.

### *Samsung BD-C6900 -- 3D Blu Ray player*

244.     On information and belief, Samsung first sold its BD-C6900 model

products in the United States on or after October 7, 2010.

245.     Samsung did not sell its BD-C6900 product in the United States before

October 7, 2010.

246.     Samsung did not sell its BD-C6900 product in the United States before

July 5, 2009.

247.     Samsung marked the BD-C6900 with the '220 Patent.

248.     A true and correct image of portion of the back of a Samsung BD-C6900

follows, showing a portion of the metal case listing expired United States Patent Nos. 5,060,220:



249.    The `220 Patent expired on July 5, 2009 prior to any first sale of the BD-C6900 product by Samsung.

250.    Samsung marked its BD-C6900 products with United States Patent No. 5,060,220 after it expired.

251.    Samsung sold its BD-C6900 products in the United States marked with the patent number of the `220 Patent, after it expired.

252.    Because the `220 Patent expired before Samsung's first sale of any BD-C6900 product in the United States, Samsung did not have and never could have had a reasonable belief that the `220 Patent covered the BD-C6900.

253.    Because at the time it falsely marked the BD-C6900 products Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the BD-C6900 with United States Patent No. 5,060,220 knowingly and with the intent to deceive the public.

### *Samsung DVD-C350*

254.    On information and belief, Samsung first sold its DVD-C350 model products in the United States on or after March 7, 2010.

255.    Samsung did not sell its DVD-C350 product in the United States before March 7, 2010.

256.    Samsung did not sell its DVD-C350 product in the United States before July 5, 2009.

257.    Samsung marked the DVD-C350 and/or the user manuals that accompanied those products with the '220 Patent.

258.     A true and correct copy of the cover and the patent notice page of the

DVD-C350 user manual (Version 1.0 released on March 7, 2010), downloaded from Samsung's

website, is attached as *Exhibit N*.  Excerpts from those pages follow showing Samsung's

statement that the DVD-C350 products are licensed under expired United States Patent

5,060,220:

- The product unit accompanying this user manual is licensed under certain intellectual property rights of certain third parties. In particular, this product is licensed under the following US patents: 5,060,220 5,457,669 5,561,649 5,705,7( 5,987,417 6,043,912 6,222,983 6,272,096 6,377,524 6,377,531 6,385,587 6,389,570 6,408,408 6,466,532 6,473,736 6,477,501 6,480,829 6,556,520 6,556,521 6,556,522 6,578,163 6,594,208 6,631,110 6,658,588 6,674,697 6,674,957 6,687,455 6,697,307 6,707,985 6,721,243 6,721,493 6,728,474 6,741,535 6,744,713 6,744,972 6,765,853 6,765,853 6,771,890 6,771,891 6 775,465 6,778,755 6,788,629 6,788,630 6,795,637 6,810,201 6,862,256 6,868,054 6,894,963 6,937,552.

259.     The `220 Patent expired on July 5, 2009 prior to any first sale of the DVD-

C350 product by Samsung.

260.     Samsung marked its DVD-C350 products with United States Patent No.

5,060,220 after it expired.

261.     Samsung included user manuals with its DVD-C350 products sold in the

United States, claiming that those products were licenses under U.S. Patent Nos. 5,060,220.

262.     Samsung sold its DVD-C350 products in the United States marked with

the patent number of the `220 Patent, after it expired.

263.     Because the `220 Patent expired before Samsung's first sale of any DVD-

C350 product in the United States, Samsung did not have and never could have had a reasonable

belief that the `220 Patent covered the DVD-C350.

264.     Because at the time it falsely marked the DVD-C350 products Samsung

knew that the claims of an expired patent cannot afford patent protection, Samsung falsely

marked the DVD-C350 with United States Patent No. 5,060,220 knowingly and with the intent to

deceive the public.

265.     Samsung knowingly and intentionally created, then printed, then included with products sold in the United States, the DVD-C350 user manual marked with expired United States Patent No. 5,060,220.

### Samsung DVD-C500 and DVD-C550 Models

266.     On information and belief, Samsung first sold its DVD-C500 and DVD-C550 model products in the United States on or after March 18, 2010.

267.     Samsung did not sell its DVD-C500 and DVD-C550 products in the United States before March 18, 2010.

268.     Samsung did not sell its DVD-C500 and DVD-C550 products in the United States before July 5, 2009.

269.     Samsung marked the DVD-C500 and DVD-C550 and/or the user manuals that accompanied those products with the '220 Patent.

270.     A true and correct copy of the cover and the patent notice page of the DVD-C500 and DVD-C550 user manual (Version 1.0 released on March 18, 2010), downloaded from Samsung's website, is attached as *Exhibit O*.  Excerpts from those pages follow showing Samsung's statement that the DVD-C500 and DVD-C550 products are licensed under expired United States Patent 5,060,220:

· The product unit accompanying this user manual is licensed under certain intellectual property rights of certain third parties. In particular, this product is licensed under the following US patents: 5,060,220 5,457,669 5,561,649 5,705,762 5,987,417 6,043,912 6,222,983 6,272,096 6,377,524 6,377,531 6,385,587 6,389,570 6,408,408 6,466,532 6,473,736 6,477,501 6,480,829 6,556,520 6,556,521 6,556,522 6,578,163 6,594,208 6,631,110 6,658,588 6,674,697 6,674,957 6,687,455 6,697,307 6,707,985 6,721,243 6,721,493 6,728,474 6,741,535 6,744,713 6,744,972 6,765,853 6,765,853 6,771,890 6,771,891 6 775,465 6,778,755 6,788,629 6,788,630 6,795,637 6,810,201 6,862,256 6,868,054 6,894,963 6,937,552.

271.     The `220 Patent expired on July 5, 2009 prior to any first sale of the DVD-C500 and DVD-C550 products by Samsung.

272.    Samsung marked its DVD-C500 and DVD-C550 products with United States Patent No. 5,060,220 after it expired.

273.    True and correct images of portions of the back of a Samsung DVD-C500 product follows, showing a portion of the metal case listing expired United States Patent Nos. 5,060,220, and a sticker adjacent to the marking containing a manufacturing date of March 2010:





274.    Samsung included user manuals with its DVD-C500 and DVD-C550 products sold in the United States, claiming that those products were licenses under U.S. Patent Nos. 5,060,220.

275.    Samsung sold its DVD-C500 and DVD-C550 products in the United States marked with the patent number of the `220 Patent, after it expired.

276.     Because the `220 Patent expired before Samsung's first sale of any DVD-C500 and DVD-C550 product in the United States, Samsung did not have and never could have had a reasonable belief that the `220 Patent covered the DVD-C500 and DVD-C550.

277.     Because at the time it falsely marked the DVD-C500 and DVD-C550 products Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the DVD-C500 and DVD-C550 with United States Patent No. 5,060,220 knowingly and with the intent to deceive the public.

278.     Notwithstanding that the false patent marking should not have been printed on the metal casing since all products were manufactured after the `220 patent expired, at the time Samsung placed or caused to be placed the sticker on the back of each DVD-C500 and DVD-C550 showing the manufacturing date, it would not have been an undue burden on Samsung to place or cause to be placed a sticker over the adjacent section on the back of the DVD-C500 and DVD-C550 to cover and/or correct the false patent marking.

279.     Samsung knowingly and intentionally created, then printed, then included with products sold in the United States, the DVD-C500 and DVD-C550 user manual marked with expired United States Patent No. 5,060,220.

*Samsung DVD-V9800*

280.     On information and belief, Samsung manufactured DVD-V9800 units after July 5, 2009.

281.     On information and belief, Samsung sold DVD-V9800 units in the United States after July 5, 2009.

282.     Samsung marked the DVD-V9800 and/or the user manuals that accompanied the BD-4600 with the '220 Patent.

283.    True and correct images of a portion of the back of a Samsung DVD-

V9800 product follows, showing a portion of the metal case listing expired United States Patent

Nos. 5,060,220, and a sticker adjacent to the marking containing a manufacturing date of August

2009:





284.    A true and correct copy of the cover and the patent notice page of the

DVD-V9800 user manual (Version 1.0 – release date April 1, 2008), downloaded from

Samsung's website is attached as *Exhibit P*.  Excerpts from the patent notice page follows,

showing Samsung's statement that the DVD-V9800 is licensed under United States Patent No.

5,060,220, which is the first United States Patent number one sees when reading the list:

• The product unit accompanying this user manual is licensed under certain intellectual property rights of certain third parties. In particular, this product is licensed under the following US patents: 5,060,220 5,457,669 5,561,649 5,705,762 5,987,417 6,043,912 6,222,983 6,272,096 6,377,524 6,377,531 6,385,587 6,389,570 6,408,408 6,466,532 6,473,736 6,477,501 6,480,829 6,556,520 6,556,521 6,556,522 6,578,163 6,594,208 6,631,110 6,658,588 6,674,697 6,674,957 6,687,455 6,697,307 6,707,985 6,721,243 6,721,493 6,728,474 6,741,535 6,744,713 6,744,972 6,765,853 6,765,853 6,771,890 6,771,891 6 775,465 6,778,755 6,788,629 6,788,630 6,795,637 6,810,201 6,862,256 6,868,054 6,894,963 6,937,552, 6,836,549; 6,381,747; 7,050,698; 6,516,132; and 5,583,936.

285.    The `220 Patent expired on July 5, 2009 prior to the manufacture of

several DVD-V9800 products by Samsung.

286.    Samsung included user manuals with its DVD-V9800 products sold in the

United States, manufactured after July 5, 2009, claiming that the DVD-V9800 is licensed under

United States Patent No. 5,060,220.

287.    Samsung sold DVD-V9800 products in the United States with the patent

number of the `220 Patent, after it expired.

288.    Because the `220 Patent expired before Samsung's sale of DVD-V9800

products in the United States manufactured after July 5, 2009, Samsung did not have and could

not have had a reasonable belief that the `220 Patent covered the DVD-V9800.

289.    Because at the time it falsely marked the DVD-V9800 products Samsung

knew that the claims of an expired patent cannot afford patent protection, Samsung falsely

marked the DVD-V9800 with United States Patent No. 5,060,220 knowingly and with the intent

to deceive the public.

290.    At the time Samsung placed or caused to be placed the sticker on the back

of each DVD-V9800 showing the manufacturing date after July 5, 2009, it would not have been

an undue burden on Samsung to place or cause to be placed a sticker over the adjacent section on the back of the DVD-V9800 to cover and/or correct the false patent marking.

291.    It would not have been an undue burden on Samsung to edit the user manual it included with DVD-V9800 products manufactured after July 5, 2009 to delete its false claim that the DVD-V9800 was covered by the `220 Patent.

292.    Samsung knowingly and intentionally printed DVD-V9800 user manuals marked with expired United States Patent No. 5,060,220 after July 5, 2009 and included such manuals with products shipped after July 5, 2009.

### Samsung DVD-VR375

293.    On information and belief, Samsung first sold its DVD-VR375 model products in the United States on or after August 26, 2009.

294.    Samsung did not sell its DVD-VR375 products in the United States before August 26, 2009.

295.    Samsung did not sell its DVD-VR375 products in the United States before July 5, 2009.

296.    Samsung marked the DVD-VR375 and/or the user manuals that accompanied those products with the '220 Patent.

297.    A true and correct copy of the cover and the patent notice page of the DVD-VR375 user manual (Version 1.0 released on August 26, 2009), downloaded from Samsung's website, is attached as *Exhibit Q*.  Excerpts from those pages follow showing Samsung's statement that the DVD-VR375 products are covered by expired United States Patent 5,060,220:

■ This product is covered by one or more of the following U.S. patents:
5,060,220 5,457,669 5,561,649 5,705,762 6,043,912 6,438,099
6,467,061 6,556,521 6,578,163 6,697,307 6,728,474 6,771,891
6,894,963 6,895,593 6,937,815 6,996,327 7,009,926 7,085,221
7,088,649 7,092,327 7,099,566 7,123,564 7,142,493 7,142,495
7,145,861 7,146,624 7,151,729 7,161,879 7,164,647 7,167,437
7,173,891 7,177,250 7,194,187 7,203,891 7,209,423 7,210,067
7,228,062 7,245,566 7,257,065 7,263,045 7,269,110
7,272,086 7,272,106 7,280,460 7,283,729 7,286,454 7,304,938

298.   The `220 Patent expired on July 5, 2009 prior to any first sale of the DVD-

DVD-VR375 products by Samsung.

299.   Samsung marked its DVD-VR375 products with United States Patent No.

5,060,220 after it expired.

300.   A true and correct image of a portion of the back of a Samsung DVD-

VR375 product follows, showing a portion of the metal case listing expired United States Patent

Nos. 5,060,220, and a sticker adjacent to the marking containing a manufacturing date of October

2010:



301.     Samsung included user manuals with its DVD-VR375 products sold in the United States, claiming that those products were covered by U.S. Patent Nos. 5,060,220.

302.     Samsung sold its DVD-VR375 products in the United States marked with the patent number of the `220 Patent, after it expired.

303.     Because the `220 Patent expired before Samsung's first sale of any DVD-VR375 product in the United States, Samsung did not have and never could have had a reasonable belief that the `220 Patent covered the DVD-VR375 products.

304.     Because at the time it falsely marked the DVD-VR375 products Samsung knew that the claims of an expired patent cannot afford patent protection, Samsung falsely marked the DVD-VR375 with United States Patent No. 5,060,220 knowingly and with the intent to deceive the public.

305.     Notwithstanding that the false patent marking should not have been printed on the metal casing since all products were manufactured after the `220 patent expired, at the time Samsung placed or caused to be placed the sticker on the back of each DVD-VR375 showing the manufacturing date, it would not have been an undue burden on Samsung to place or cause to be placed a sticker over the adjacent section on the back of the DVD-VR375 to cover and/or correct the false patent marking.

306.     Samsung knowingly and intentionally created, then printed, then included with products sold in the United States, the DVD-VR375 user manual marked with expired United States Patent No. 5,060,220.

## LG ELECTRONICS' FALSE MARKING OF ITS PRODUCTS

307.     LG sells, offers to sell, has sold, or has offered to sell a line of DVD Recorded/Video Cassette Recorder products, including Model No. RC897T, which it has falsely

marked with one or more expired United Stated Patents, within the last five years in the United

States.

      308.    LG's RC897T products were manufactured in Indonesia.

      309.    LG's RC897T product were marked with patent numbers outside the

United States.

      310.    On information and belief, LG first began selling the RC897T in 2008.

      311.    LG did not sell the RC897T in the United States before January 1, 2008.

      312.    LG marked its RC897T products with United States Patent Nos.

4,577,216, 4,631,603, 4,819,098 and 4,907,093 since it first launched the product and through its

latest manufacturing run of the product.

      313.    A true and correct image of a portion of the back of an LG model RC897T

follows, showing a portion of the metal case listing United States Patent Nos. 4,631,603,

4,577,216, 4,819,098 and 4,907,093, and a sticker adjacent to the marking containing a

manufacturing date of February 2009:





314.    The `216 Patent expired on November 14, 2003, long prior to any first sale of LG's model RC897T.

315.    The `603 Patent expired on April 17, 2005, long prior to any first sale of LG's model RC897T.

316.    The `098 Patent expired on April 4, 2006, long prior to any first sale of LG's model RC897T.

317.    The `093 Patent expired on March 6, 2007, long prior to any first sale of LG's model RC897T

318.    LG marked its RC897T product with the patent numbers of the `216, the `603, the `098, and the `093 Patents after they expired.

319.    LG sold its RC897T product in the United States with the patent numbers of the `216, the `603, the `098, and the `093 Patents after they expired.

320.     Because the `216, the `603, the `098, and the `093 Patents all expired long before LG's first sale of any RC897T product in the United States, LG did not have and never could have had a reasonable belief that the those four patents covered the RC897T.

321.     Because at the time it falsely marked the RC897T LG knew that the claims of an expired patent cannot afford patent protection, LG falsely marked the RC897T with United States Patent Nos. 4,631,603, 4,577,216, 4,819,098 and 4,907,093 knowingly and with the intent to deceive the public.

322.     LG knowingly and intentionally marked the RC897T on several occasions at various times with expired United States Patent Nos. 4,631,603, 4,577,216, 4,819,098 and 4,907,093.

## VIZIO'S FALSE MARKING OF ITS PRODUCTS

323.     Vizio sells, offers to sell, has sold, or has offered to sell a line of Blu-Ray disc player products, including model number VBR220, which it has falsely marked with one or more expired United Stated Patents, within the last five years in the United States.

324.     Vizio's VBR220 products were manufactured in China.

325.     Vizio's VBR220 products were marked with patent numbers outside the United States.

326.     On information and belief, Vizio announced its VBR220 product in the United States on or about June 12, 2010.

327.     On information and belief, Vizio first began selling the VBR220 product on or after June 22, 2010.

328.     On information and belief, Vizio manufactured VBR220 units after July 5, 2009.

329.    On information and belief, Vizio sold VBR220 units in the United States after July 5, 2009.

330.    Vizio marked the VBR220 product with the '220 Patent.

331.    True and correct images of portions of the back of a Vizio VBR220 follow, showing a portion of the metal case listing expired United States Patent No. 5,060,220, and a sticker adjacent to the marking containing a manufacturing date of June 2010:





332.    The `220 Patent expired on July 5, 2009, which was prior to the first sale of VBR220 products by Vizio in the United States.

333.    Vizio sold VBR220 products in the United States with the patent number of the `220 Patent marked thereon, after it expired.

334.    Because the `220 Patent expired before Vizio's first sale of VBR220 products in the United States, Vizio did not have and never could have had a reasonable belief that the `220 Patent covered the VBR220.

335.    Because at the time it falsely marked the VBR220 products, Vizio knew that the claims of an expired patent cannot afford patent protection, Vizio falsely marked the VBR220 with United States Patent No. 5,060,220 knowingly and with the intent to deceive the public.

336.    At the time Vizio placed or caused to be placed the sticker on the back of each VBR220 showing the manufacturing date, it would not have been an undue burden on Vizio to place a sticker over the adjacent section on the back of the VBR220 to cover and/or correct the false patent marking.

337.    Vizio marked the VBR220 on several occasions at various times with expired United States Patent No. 5,060,220 after July 5, 2009.

338.    Upon information and belief, other Vizio products have been similarly false marked with expired United States Patent Numbers.

## COUNT I -- CLAIM FOR RELIEF AGAINST SAMSUNG

339.    CPC incorporates Paragraphs 1-338 of this Complaint as if fully set forth in this paragraph.

340.    On information and belief, despite the fact that the claims of an expired patent cannot afford patent protection, Samsung knowingly and intentionally marked upon, affixed to, or used in advertising in connection the Samsung products the patent number of one or more expired patents after their expiration with the intent to deceive the public.

341.    Samsung knew or reasonably should have known that marking the Samsung products with expired patents or inapplicable patents violated federal patent marking laws which authorize marking or advertising only existing and enforceable patent or patent pending claims on a "patented" article.

342.    On information and belief, Samsung intended to and has deceived the public by falsely marking (or causing to be marked) the patent protection status of the Samsung products.

343.    On information and belief, each false marking by Samsung identified in this Complaint is likely to discourage or deter persons and companies from commercializing competing products or pursuing research and development of competing products or related products, which injures CPC and the public by stifling competition and increasing the cost of goods.

344.    On information and belief, Samsung's false marking of the Samsung products has wrongfully quelled competition with respect to such products thereby causing harm to CPC, the United States, and the public.

345.    On information and belief, Samsung has wrongfully and illegally asserted patent monopolies which it does not possess and, as a result, has benefited by limiting competition with respect to its products referenced in this Complaint - such benefit coming at the expense of CPC and the public.

346.    Samsung's actions are in violation of 35 U.S.C. § 292.

## COUNT II -- CLAIM FOR RELIEF AGAINST LG

347.    CPC incorporates Paragraphs 1- 346 of this Complaint as if fully set forth in this paragraph.

348.     On information and belief, despite the fact that the claims of an expired patent cannot afford patent protection, LG knowingly and intentionally marked upon, affixed to, or used in advertising in connection the LG products the patent number of one or more expired patents after their expiration with the intent to deceive the public.

349.     LG knew or reasonably should have known that marking the LG products with expired patents or inapplicable patents violated federal patent marking laws which authorize marking or advertising only existing and enforceable patent or patent pending claims on a "patented" article.

350.     On information and belief, LG intended to and has deceived the public by falsely marking (or causing to be marked) the patent protection status of the LG products.

351.     On information and belief, each false marking by LG identified in this Complaint is likely to discourage or deter persons and companies from commercializing competing products or pursuing research and development of competing products or related products, which injures CPC and the public by stifling competition and increasing the cost of goods.

352.     On information and belief, LG's false marking of the LG products has wrongfully quelled competition with respect to such products thereby causing harm to CPC, the United States, and the public.

353.     On information and belief, LG has wrongfully and illegally asserted patent monopolies which it does not possess and, as a result, has benefited by limiting competition with respect to its products referenced in this Complaint - such benefit coming at the expense of CPC and the public.

354.     LG's actions are in violation of 35 U.S.C. § 292.

## COUNT III – CLAIM FOR RELIEF AGAINST VIZIO

355.    CPC incorporates Paragraphs 1- 354 of this Complaint as if fully set forth in this paragraph.

356.    On information and belief, despite the fact that the claims of an expired patent cannot afford patent protection, Vizio knowingly and intentionally marked upon, affixed to, or used in advertising in connection the Vizio products the patent number of one or more expired patents after their expiration with the intent to deceive the public.

357.    Vizio knew or reasonably should have known that marking the Vizio products with expired patents or inapplicable patents violated federal patent marking laws which authorize marking or advertising only existing and enforceable patent or patent pending claims on a "patented" article.

358.    On information and belief, Vizio intended to and has deceived the public by falsely marking (or causing to be marked) the patent protection status of the Vizio products.

359.    On information and belief, each false marking by Vizio identified in this Complaint is likely to discourage or deter persons and companies from commercializing competing products or pursuing research and development of competing products or related products, which injures CPC and the public by stifling competition and increasing the cost of goods.

360.    On information and belief, Samsung's false marking of the Vizio products has wrongfully quelled competition with respect to such products thereby causing harm to CPC, the United States, and the public.

361.    On information and belief, Vizio has wrongfully and illegally asserted patent monopolies which it does not possess and, as a result, has benefited by limiting

competition with respect to its products referenced in this Complaint - such benefit coming at the expense of CPC and the public.

362.    Vizio's actions are in violation of 35 U.S.C. § 292.

## PRAYER FOR RELIEF

Consumers Protecting Consumers requests the Court, pursuant to 35 U.S.C. § 292, to:

A. Enter judgment against each Defendant and in favor of Consumers Protecting Consumers for the violations alleged in this Complaint;

B. Enter an injunction prohibiting each Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292;

C. Order each Defendant to pay a civil monetary fine of up to $500 per false marking "offense," one-half of which shall be paid to the United States and one-half of which shall be paid to Consumers Protecting Consumers;

D. Enter a judgment and order requiring each Defendant to pay Consumers Protecting Consumers prejudgment and post-judgment interest on the damages awarded;

E. Order Defendants to pay Consumers Protecting Consumers's costs and attorney fees; and

F. Grant Consumers Protecting Consumers such other and further relief as it may deem just and equitable.


Dated:  February 23, 2011                    KLEHR HARRISON HARVEY
                                             BRANZBURG  LLP


                               By: _____
                                   Robert A. McKinley, Esq. (PA I.D. No. 82538)
                                   Ari S. Indik, Esq.  (PA I.D. No. 89480)
                                   1835 Market Street
                                   Philadelphia, PA 19103
                                   (215) 569-4892

                                   *Attorneys for Plaintiff*