IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMERS PROTECTING CONSUMERS, LLC,<br><br>*Relator*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., TIANJIN SAMSUNG ELECTRONICS CO., LTD., LG ELECTRONICS, INC., LG ELECTRONICS INDONESIA, LG ELECTRONICS U.S.A. INC.; and VIZIO, INC.,<br><br>*Defendants*. | Case No. 2:11-cv-01263-PBT<br><br>**JURY TRIAL DEMANDED** |

## MOTION TO STAY CASE AND ALL PENDING DEADLINES

Defendants LG Electronics, Inc., LG Electronics Indonesia, and LG Electronics U.S.A. Inc. (collectively, "LG") hereby move this Court for an Order temporarily staying this case and all case deadlines because: (1) a pending case before the United States Court of Appeals for the Federal Circuit, which was argued on July 7, 2011, and (2) the patent reform legislation pending in Congress (for which final action is anticipated in September), could both render this case moot.

There are two reasons why this Court should issue an Order temporarily staying this case and all case deadlines: (1) the constitutionality of 35 U.S.C. § 292 has been challenged in several district courts and in the United States Court of Appeals for the Federal Circuit, which heard oral argument on this issue on July 7, 2011 in *United States ex rel. FLFMC, LLC, v. Wham-O, Inc.* ("*Wham-O*"), No. 2011-1067 (Fed. Cir. 2010) and has yet to issue a decision; and (2) both

houses of Congress have recently passed patent reform amendments that would significantly modify the false marking statute, such that CPC would lack standing to bring suit.[1]

The first basis for staying the this case and all case deadlines – relating to the constitutionality of 35 U.S.C. § 292 and the pending *Wham-O* case before the United States Court of Appeals for the Federal Circuit– is the same ground on which Relator Consumers Protecting Consumers, LLC ("CPC") previously joined in a motion to stay in this case, with regard to the other defendants against whom claims are pending.  On June 27, 2011, CPC and Defendants, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Tianjin Samsung Electronics Co., Ltd. (collectively "Samsung")[2] *jointly moved* this Court for an Order temporarily staying this case and all case deadlines.  In that motion, the parties argued that the Federal Circuit's decision in the *Wham-O* case – and any decision by the Supreme Court on a *petition for certiori* therefrom – would directly impact the proceedings in the pending CPC case, and thus, a stay would conserve this Court's resources as well as those of the parties.  For these same reasons, LG now also moves that CPC's case against it should also be stayed.

The second basis for staying this case and all case deadlines relates to Congress's recent passage of patent reform legislation including false marking amendments, and this Court's staying of the case *Hollander v. Ranbaxy Labs., Inc.*, No. 10-793 (July 19, 2011), which claims acts of false marking, as a result of such amendments.  On July 19, 2011, *22 days after CPC filed*

---

[1] While both houses of Congress passed such patent reform amendments, the versions of the amendments (called the "America Invents Act") that were passed are different.  Thus, before these amendments become law, one of the houses of Congress will need to revote on the version passed by the other house (for example, the Senate would need to approve the House's version of the America Invents Act), or Congress will need to conduct a House-Senate conference to iron out the differences between the two versions that were independently adopted.

[2] CPC's counsel also represented, in footnote one of the joint motion, that it had been in contact with counsel for Defendant VIZIO, inc. ("VIZIO"), which had yet to appear in this case, and that VIZIO was not opposed to the joint motion.

*its joint motion with the other defendants in this case to stay this case*, both houses of Congress passed amendments to 35 U.S.C. § 292(b) that would require a false marking relator to have suffered a competitive injury in order to bring suit.  CPC does not contend that it suffered a competitive injury as a result of LG's alleged acts of false marking.  To the contrary, CPC's Complaint contends that its business is that of "encouraging the fair use of the patent system and deterring abuse of the patent system, which harms the public welfare and stifles competition."  CPC's business does not compete against LG's business, and thus CPC has suffered no "competitive injury" as a result of LG's alleged acts of false marking.  Under Congress's recent amendments, CPC would lack standing to sue under 35 U.S.C. § 292.

While both houses of Congress passed such patent reform amendments, the versions of the amendments (called the "America Invents Act") that were passed are different.  Thus, before these amendments become law, one of the houses of Congress will need to revote on the version passed by the other house (for example, the Senate would need to approve the House's version of the America Invents Act), or Congress will need to conduct a House-Senate conference to iron out the differences between the two versions that were independently adopted.  The Senate is scheduled to address this patent reform legislation as soon as it returns from recess in September.  See Ex. 1.

Recently, in *Hollander v. Ranbaxy Labs. Inc.*, this Court granted Ranbaxy's motion to stay its case in light of Congress's passing of the false marking amendments, where – as here – the plaintiff could not show that it suffered a competitive injury.  The July 19, 2011 order stated, "[i]n view of recent developments in Congress, namely both houses passing amendments to 35 U.S.C. § 292(b) that would require a false-marking relator to have suffered a competitive industry, which Plaintiff agrees he cannot show, and after a hearing on the issue on July 8, 2011,

the Court will place this matter in suspense for ninety (90) days after the close of discovery on July 15, 2011."

In light of the foregoing, LG requests that this Court stay this case and all pending case deadlines, including the date for Defendant LG to file a reply brief in support of its Motion to Dismiss.

Dated:  August 15, 2011                                       Respectfully Submitted,


/s/ LEON W. SILVERMAN
_____
LEON W. SILVERMAN, ESQUIRE
STEIN & SILVERMAN, P.C.
230 South Broad Street, 17th Floor
Philadelphia, PA 19102

Steven Lieberman
Sharon L. Davis
Joo Mee Kim
ROTHWELL, FIGG, ERNST & MANBECK, PC
1425 K St., N.W., Ste. 800
Washington, D.C.  20005
(202) 783-6040

*Attorneys for Defendants*
*LG Electronics, Inc., LG Electronics Indonesia,*
*and LG Electronics U.S.A., Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 15, 2011, to all counsel of record via the Court's CM/ECF system per Local Rule 5.1.2 in compliance with the Federal Rules of Civil Procedure.

/s/ LEON W. SILVERMAN

Dated: August 15, 2011                   LEON W. SILVERMAN, ESQUIRE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMERS PROTECTING CONSUMERS, LLC,<br><br>*Relator*,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>*Defendants*. | Case No. 2:10-cv-01263-PBT<br><br>**JURY TRIAL DEMANDED** |

## ORDER GRANTING MOTION TO
## STAY CASE AND ALL PENDING DEADLINES

Before the Court is Defendants LG Electronics, Inc., LG Electronics Indonesia, and LG Electronics U.S.A. Inc.'s (collectively, "LG") Motion to Stay Case and All Pending Case Deadlines.

Having considered the motion, and finding that the relief sought therein will serve the interests of justice, the Court GRANTS the motion. The Court ORDERS that this case and all pending case deadlines, including any existing due dates for defendants to respond to CPC's Complaint, are hereby STAYED, until the later of: (1) fourteen (14) days after: (a) the expiration of the parties' deadline for filing a *petition for certiori* after the decision in *United States ex rel. FLFMC, LLC v. Wham-O, Inc.* ("*Wham-O*"), No. 2011-1067 (Fed. Cir. 2010); or (b) if a *petition for certiori* is filed and denied, the date of denial; or (c) if a *petition for certiori* is filed and granted, the date of the Supreme Court's opinion; and (2) 90 days after the date of this Order, so that Congress may determine whether 35 U.S.C. § 292 should be amended so as to require a party bringing suit thereunder to suffer a competitive injury.

_____
Hon. Petrese B. Tucker
Judge, U.S. District Court for the
Eastern District of Pennsylvania